Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that, according to the true construction of the act establishing general regulations for the incorporation of banks, passed March 22, 1837, Sessions Acts, p. 57, the power thereby conferred on the Executive to appoint, and the stockholders, at their annual meeting in January, to elect directors, is fulfilled and finished when the Executive and the stockholders, respectively, have made a valid appointment and election. That after such appointment and election, it would not be competent for either the Executive or the stockholders to recall the said appointment or set aside said election and appoint or elect others. The act directs that the directors shall hold their office until the next annual meeting of the stockholders and until their successors shall be chosen ; thereby necessarily implying, that when such successors have been chosen, the term of office of the predecessors is ended; and that the successors so chosen are in contemplation of law directors *176 from the time they were so chosen. That snch construction is the more necessary from other provisions of the act. It is provided, that where no election of directors shall b® made on the day, when by said act it ought t0 have been made, the corporation shall not for that cause be deemed to be dissolved, but it shall be lawful for the stockholders to make an election on any other day, in the manner provided for in the by-laws. But no provision is made for the election of directors by the stockholders, in the place of those elected at their annual meeting, should they refuse to accept the office : And unless such refusal to accept after the election, should be held to create a vacancy in the body of the directors, no director could be appointed during the year to supply the place of the director so elected and refusing to act. That though it was the intention of the Legislature to provide for the due representation of the interests, as well of the Commonwealth as of the private stockholders in the directory, that intention is carried out by the original power of appointment and election conferred on the Executive and stockholders respectively : But after the power had been exercised, and vacancies occurred in the board, the power of filling such vacancies, was given to the board without regard to the fact, whether the director, whose place had become vacant, received his original appointment from the Executive, or had been elected by the stockholders. The act makes no discrimination between directors appointed by the Executive and those elected as aforesaid, as to the time from which they shall be considered as directors; and if the refusal of one elected by the stockholders to accept, constitutes a vacancy which the board may fill, the same rule must apply to the director appointed by the Executive. In either case the successor is appointed in the place of the director resigning or declining to accept, and not as an original independent appointment.
*177 The Court is therefore of opinion, that after the Executive, in pursuance of the power conferred by law, had executed that power by the appointment of WilHam M. Radford, and the said William M. Radford, after such appointment, and during the time for which he had been so appointed, resigned or declined to accept the office of director, it was competent for the board of directors, under that provision of the law which declares, that the directors shall fill all vacancies which may occur in their own body during the time for which they shall be elected, to fill the vacancy existing in their body by electing a successor in the place of said William M. Radford; and that the appointment made by the Executive, of said John M. Robinson, as in the proceedings set forth, was without authority and void.
The Court is therefore of opinion, that the said order and judgment is erroneous: It is therefore considered, that the same be reversed, with costs to the plaintiffs in error. And this Court proceeding, &c., it is considered that said petition be dismissed with costs.